**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| EDUARD SIHOMBING; MARTHA SITOMPUL; et al., <br><br> Petitioners, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 08-72958 <br><br> Agency Nos.     A095-629-801 <br>                 A094-833-481 <br>                 A094-833-482 <br>                 A094-833-483 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 21, 2012[**]

Before:     FERNANDEZ, McKEOWN, and BYBEE, Circuit Judges.

Eduard Sihombing, Martha Sitompul, and their children, natives and citizens

of Indonesia, petition for review of the Board of Immigration Appeals' order

dismissing their appeal from an immigration judge's decision denying their

applications for asylum, withholding of removal, and protection under the

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Convention Against Torture ("CAT").  We have jurisdiction under 8 U.S.C. § 1252.  We review for substantial evidence factual findings, *Singh v. Gonzales,* 439 F.3d 1100, 1105 (9th Cir. 2006), and we deny the petition for review.

In their opening brief, petitioners do not challenge the agency's dispositive determination that Eduard Sihombing's asylum claim was time-barred.

Substantial evidence supports the agency's adverse credibility determination because of inconsistencies regarding the location of the church bombing, the severity of injuries suffered by those harmed in the bombing, and Sihombing's whereabouts on the purported date of the bombing, and these inconsistencies go to the heart of petitioners' claims.  *See Pal v. INS*, 204 F.3d 935, 938 (9th Cir. 2000) (sustaining adverse credibility determination based in part on inconsistencies between testimony and documentary evidence concerning date of the alleged incident of persecution); *Malhi v. INS*, 336 F.3d 989, 993 (9th Cir. 2003) (finding "geographic discrepancies which went to the heart" of applicant's claim).  Substantial evidence also supports the adverse credibility determination based on the inconsistency regarding the presence of petitioners' children during the assault at their home.  *Don v. Gonzales*, 476 F.3d 738, 741-43 (9th Cir. 2007) (inconsistencies and lack of details regarding the event that spurred the persecutors to threaten petitioner go to the heart of the claim and are not trivial).  The agency

reasonably rejected petitioners' explanations for the inconsistencies.  *See Rivera v. Mukasey*, 508 F.3d 1271, 1275 (9th Cir. 2007).  In the absence of credible testimony, petitioners' asylum and withholding of removal claims fail.  *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Because petitioners' CAT claim is based on the same testimony found to be not credible, and they point to no other evidence the agency should have considered, substantial evidence also supports the denial of CAT relief.  *See id*. at 1156-57.

**PETITION FOR REVIEW DENIED.**